**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WESTERN RADIO SERVICES COMPANY INCORPORATED, Plaintiff - Appellant, v. CENTURYTEL OF EASTERN OREGON, INC. and PUBLIC UTILITY COMMISSION OF OREGON, (PUC), Defendants - Appellees. | No. 11-35703 D.C. No. 6:09-cv-06315-AA MEMORANDUM* |

Appeal from the United States District Court
for the District of Oregon
Ann L. Aiken, Chief District Judge, Presiding

Argued and Submitted October 9, 2012
Portland, Oregon

Before: SILVERMAN, CLIFTON, and N.R. SMITH, Circuit Judges.

In this action under the Telecommunications Act of 1996, 47 U.S.C. § 251 et

seq., Plaintiff Western Radio Services Co. appeals the district court's grant of

summary judgment on Western Radio's claims for review of several orders of the

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Public Utility Commission of Oregon and the district court's dismissal of Western Radio's damages claim against CenturyTel of Eastern Oregon, Inc. We have jurisdiction under 28 U.S.C. § 1291. Reviewing de novo, we affirm.

The district court dismissed as moot Western Radio's claim for review of the commission's order that CenturyTel could on a case-by-case basis waive its rural exemption under the Act (which exempts rural telephone companies from several of the Act's obligations). *See* 47 U.S.C. § 251(f). The district court did so because, while the case was pending, CenturyTel's parent company entered into a binding agreement with the FCC promising that its subsidiaries would not assert the rural exemption.

Western Radio argues that this case falls into the "voluntary cessation" exception to mootness. But because the FCC agreement is binding and does not expire, there is "no reasonable expectation . . . that the alleged violation will recur." *Los Angeles Cnty. v. Davis*, 440 U.S. 625, 631 (1979) (citation and internal quotation marks omitted).

Western Radio also argues that its claim is not moot because without a formal termination of CenturyTel's rural exemption by the commission, Western Radio cannot prevail on its damages claim against CenturyTel for breach of the duty to negotiate in good faith (one of the duties exempted under the rural

exemption).  But terminating CenturyTel's rural exemption now would not affect the viability of Western Radio's damages claim.  A termination of the rural exemption under § 251(f) is prospective, so even if the commission terminated CenturyTel's exemption today, that termination would not affect Western Radio's damages claim for CenturyTel's alleged past failures to negotiate in good faith. Thus, the district court correctly dismissed Western Radio's claim as moot.

Western Radio next appeals the district court's grant of summary judgment on Western Radio's claim for review of the commission's order denying its motion for injunction.  Western Radio sought an injunction enforcing its informal interconnection arrangement with CenturyTel while the parties negotiated a formal interconnection agreement.  The district court correctly held that no provision of the Act authorizes the commission to enforce an informal interconnection arrangement not adopted pursuant to the Act's procedures.  *See* 47 U.S.C. § 252.

Finally, Western Radio appeals the district court's dismissal of its damages claim against CenturyTel for failure to negotiate in good faith.  The district court held that Western Radio's claim was barred by the "prudential limitation on adjudication" doctrine, which requires that the commission address this type of claim first before it may be brought in federal court.  *See W. Radio Servs. Corp. v. Qwest Corp.*, 530 F.3d 1186, 1200 (9th Cir. 2008).

Western Radio argues that it should be excused from the doctrine because it presented the claim to the commission but the commission refused to address it. But Western Radio presented the claim in a procedurally defective petition, which the commission dismissed without prejudice and with an invitation to re-submit a corrected petition. Because Western Radio failed to adequately present the claim to the commission, the district court correctly dismissed the claim under the "prudential limitation on adjudication" doctrine. *Autotel v. Nev. Bell Tel. Co.*, No. 10-15663, 2012 WL 3799919, at *3–5, --- F.3d ----, ----, (9th Cir. Sept. 4, 2012).

**AFFIRMED.**